FILED
2018 Mar-06  PM 12:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
2/2/2018 12:35 PM
11-CV-2018-900061.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>11<br><br>Date of Filing:<br>02/02/2018   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**

**WILLIAM HOLLINGSWORTH ET AL v. NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER**

**First Plaintiff:** ☐ Business  ☑ Individual     **First Defendant:** ☑ Business  ☐ Individual
            ☐ Government  ☐ Other                            ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING     A ☐ APPEAL FROM<br>DISTRICT COURT     O ☐ OTHER

          R ☐ REMANDED         T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WAT056 | 2/2/2018 12:35:00 PM | /s/ JOHN GRIFFIN WATTS |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**    ☐ YES ☑ NO ☐ UNDECIDED



ELECTRONICALLY FILED
2/2/2018 12:35 PM
11-CV-2018-900061.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **WILLIAM HOLLINGSWORTH, an individual; DARLENE HOLLINGSWORTH, an individual,** | ) <br> ) <br> ) <br> ) |
| **Plaintiffs,** | )   **Civil Action No.:** <br> ) |
| **v.** | ) <br> ) |
| **NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER, a Corporation; and Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiffs.** | )   **JURY DEMAND** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) |

## COMPLAINT

**COME NOW** the Plaintiffs William Hollingsworth and Darlene Hollingsworth (hereinafter "Plaintiffs") by and through their attorneys of record and file Plaintiffs' Complaint against Defendants and states as follows:

### JURISDICTION AND VENUE

1.   This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and the Real Estate Settlement Procedures Act[1], 12 U.S.C. § 2605 ("RESPA") and state law

---

[1] Any reference the FDCPA or RESPA or TILA or any part thereof encompasses all relevant parts and subparts thereto.

by the Defendants including an **illegally scheduled foreclosure on February 6, 2018**.

2.    This lawsuit is also brought under the authority of Plaintiffs' Mortgage – the very paragraph 22 that Defendants seek to use to foreclose expressly gives Plaintiffs the right to bring this court action to assert defenses.

3.    Venue is proper in this Court as Plaintiffs reside in this County and all Defendants do business in this County.

## PARTIES

4.    The Plaintiffs, William Hollingsworth and Darlene Hollingsworth, (hereinafter "Plaintiffs"), are natural persons who reside within this County.

5.    Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Defendant" or "Nationstar/Mr. Cooper") in this action is a foreign corporation doing business in this County, and is considered a "servicer" under RESPA, a "creditor" under TILA, and is considered a "debt collector" under the FDCPA as it was assigned the debt at issue when the debt was allegedly in default and its in the business of collecting defaulted debts owned by others.

6.    Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiffs.  Any reference to "Defendant" or "Defendants" or "Defendant Nationstar/Mr. Cooper" includes all fictitiously described Defendants as well.

**FACTS**

7.      RESPA and TILA apply to Defendant Nationstar/Mr. Cooper and to the loan
        at issue in this case.

8.      Defendant Nationstar/Mr. Cooper is a servicer under RESPA, including the
        definition of 12 U.S.C. §2605(i)(2) & (3) as well as 12 C.F.R. §1024.2.

9.      Defendant Nationstar/Mr. Cooper engages in the following conduct as a
        servicer:  asking for periodic monthly payments, handling escrow matters
        (including insurance and force placed insurance), threatening foreclosure,
        etc.

10.     A company such as Defendant Nationstar/Mr. Cooper can claim to be an
        owner or holder of the note and/or mortgage and still be a servicer under
        RESPA.

11.     The loan at issue qualifies under RESPA including 12 C.F.R. §1024.5(a) and
        12 C.F.R. §1024.2.

12.     TILA applies to Defendant Nationstar/Mr. Cooper as it claims to be an
        ultimate assignee from the original creditor and it is acting as a servicer as
        well and this loan qualifies under TILA.

13.     The FDCPA is a federal law that applies to debt collectors such as
        Defendant Nationstar/Mr. Cooper.

14.   It prohibits deceptive conduct of any type as well as harassing or unfair conduct, even on debts that are owed.

15.   Here, Defendants made false statements to Plaintiffs and their conduct can only be described as unfair and harassing.

16.   The strict liability FDCPA has been repeatedly violated by Defendants.

17.   Defendants are collecting on this debt illegally including the fact that the Defendants have **scheduled an illegal foreclosure on February 6, 2018**.

18.   At some point Defendant Nationstar/Mr. Cooper began to allegedly service or own the loan, after it was allegedly in default.

19.   After Defendants allegedly took over the loan, they decided to take Plaintiffs' house in an illegal foreclosure sale.

20.   No proper default and/or acceleration letter was sent as required by the mortgage to do a foreclosure.

21.   Plaintiffs timely applied for loss mitigation.

22.   But Defendants Nationstar/Mr. Cooper refused to properly consider the loss mitigation and refused to properly notify Plaintiffs that the loss mitigation was denied.

23.   This violates RESPA.

24.   Plaintiffs sent a letters to Defendants under the "Request for Information" and "Notice of Error" provisions of RESPA in Regulation X that came into effect January 2014.

25.   The Plaintiffs incurred actual expenses, costs and damages including, but not limited to, the postage costs of mailing the letters, gas money, mileage money travelling to the post office, and other costs and expenses and damages that will be identified in discovery.

26.   These letters were mailed to the address specified by Defendants to receive Request for Information and Notice of Error letters.

27.   Defendants failed to properly acknowledge and/or substantively respond as required by RESPA.

28.   The responses of Defendant Nationstar/Mr. Cooper were inadequate and did not comply with the RESPA.

29.   This is particularly egregious because this is contributing to Defendant Nationstar/Mr. Cooper seeking to illegally foreclose on February 6, 2018.

30.   Defendants have a pattern and practice of failing to properly respond to Request for Information and Notice of Error letters from consumers such as the Plaintiffs.

31.   This allegation is supported by other suits and/or complaints against Defendants and by the repeated refusal by Defendants to timely and properly respond to the letters sent to Defendants by Plaintiffs.

32.   This is not an oversight or a mistake on the part of Defendants but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with a mortgage loan.

33.   Plaintiffs have repeatedly told Defendants that they have violated the law and should not foreclose but this has not discouraged Defendants from seeking to collect money they are not entitled to collect and has not discouraged Defendants from foreclosing illegally upon Defendant.

34.   Defendant Nationstar/Mr. Cooper has a pattern and practice of violating RESPA.

35.   Defendant Nationstar/Mr. Cooper believes that very few, if any, consumers will take action based upon their violation of RESPA.

36.   Defendant Nationstar/Mr. Cooper continues to send false and illegally threatening monthly mortgage statements.

37.   As one example, among others, the monthly statements did not properly alert Plaintiffs to the upcoming foreclosure.

38.   The actions and inactions of Defendant Nationstar/Mr. Cooper violate the FDCPA, TILA, and RESPA as well as state law.

39.  The loan at issue is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

40.  Plaintiffs allege the debt was in default at the time the servicing/ownership rights were allegedly assigned or transferred to Defendants.

41.  Defendants are in the primary business of collecting debts owed to others.

42.  Defendants meet all requirements to be considered "debt collectors" under the FDCPA.

43.  Defendants have continued to this very day to engage in illegal debt collection activities against Plaintiffs.

44.  Misrepresentations were made regarding the character, amount, or legal status of the debt.

45.  The amount of the debt, the amount of fees and charges, were incorrect and not supported by the law and by the note and mortgage.

46.  Defendants have committed false credit reporting against Plaintiffs.

47.  The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendant Nationstar/Mr. Cooper were not legally entitled to take or had no intention of taking.

48.  The threatened foreclosure and other illegal collection activities are not authorized by the contracts giving rise to the alleged debt.

49.   Defendants have refused to follow all conditions precedent to foreclose, including those under the contract, under state law, under federal law, and under the rules and regulations governing this loan.

50.   Defendant Nationstar/Mr. Cooper used false representations and/or deceptive means to collect on this debt.

51.   The collection methods employed by Defendant Nationstar/Mr. Cooper were and are harassing and illegal.

52.   As a direct result of the acts complained of against each Defendant, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiffs' reputation, economic and emotional damages and claim from all Defendants all damages allowable under the law.

53.   All employees and agents of each Defendant acted with the line and scope of their employment and/or agency relationship.

54.   No Defendant has apologized to Plaintiffs for its misconduct against Plaintiffs.

55.   There is no right to foreclose and Plaintiffs request this Honorable Court rule that Defendants have no such right to foreclose.

## COUNT I

## VIOLATIONS OF RESPA/TILA BY DEFENDANTS

56.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

57.  Defendants are obligated to offer loss mitigation options to Plaintiffs before foreclosing and they are to properly review any application of Plaintiffs.

58.  Defendants refused to do this.

59.  Defendants refused to properly review any and all loss mitigation applications/requests by Plaintiffs.

60.  Defendant Nationstar/Mr. Cooper refused to properly and timely notify Plaintiffs of the result of the loss mitigation application Plaintiffs submitted as required by RESPA.

61.  Defendants illegally dual tracked.

62.  Defendants failed to properly acknowledge and respond to Plaintiffs' letters under RESPA as required by RESPA.

63.  Defendant Nationstar/Mr. Cooper in this case have exhibited a pattern and practice of failing to comply with RESPA.

64.  Defendant Nationstar/Mr. Cooper has refused to send compliant monthly mortgage statements, as required by RESPA and TILA.

65.  Defendant Nationstar/Mr. Cooper in this case has exhibited a pattern and practice of failing to comply with the Regulations.

66.  As a result of this lack of compliance by the Defendants, they are liable to Plaintiffs for actual damages, statutory damages for each violation, costs and attorneys fees.

67. The violations of the law by Defendants have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT II

### VIOLATIONS OF THE FDCPA BY DEFENDANTS

68. All paragraphs of this Complaint are incorporated as if fully set forth herein.

69. Defendants violated the entirety of the FDCPA including, but not limited to, Sections 1692d, 1692e, 1692e(4), 1692e(5), 1692e(8),  1692e(10), 1692f, 1692f(1), 1692f(6), and 1692g as set forth in this Complaint.

70. As a result of each Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT III

### BREACH OF CONTRACT BY ALL DEFENDANTS

71. All paragraphs of this Complaint are incorporated as if fully set forth herein.

72. Defendants had a contract with Plaintiffs but Defendants breached any and all contracts with Plaintiffs.

73. For example, Defendants failed to follow paragraph 22 of the mortgage.

74.   Defendants have refused to strictly follow the requirements of the contracts as well as the law in the default, acceleration, and illegally scheduled foreclosure on February 6, 2018.

75.   Defendants have refused to properly credit Plaintiffs' payments.

76.   The other numerous violations of the contact will be identified in discovery.

77.   Plaintiffs have performed under the contract.

78.   As a result of Defendants' breach of contract, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT IV

## DECLARATION THAT FORECLOSURE IS NOT ALLOWABLE

79.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

80.   Because Defendants have failed to follow the mortgage and state and federal laws (and rules and regulations) and because there is no default, the foreclosure should not be allowed to go forward.

81.   Plaintiffs are not in default.

82.   Defendants have no right to foreclose.

83.   Pursuant to paragraph 22 of the mortgage, Plaintiffs request a determination that foreclosure is not allowed.

## COUNT V

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS BY DEFENDANTS

84.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

85.   Defendants' collectors are allowed and encouraged to break Alabama law in order to collect debts.

86.   Defendants are aware of the wrongful conduct of their agents and/or employees.

87.   Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiffs, and Defendants are thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT VI

## NEGLIGENT AND/OR WANTON CONDUCT BY DEFENDANTS

88.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

89.   Defendants had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care.

90.  Defendants had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs when it began to collect against Plaintiffs and threaten foreclosure.

91.  Defendants violated all of the duties Defendants had and such violations were made wantonly.

92.  This is especially true as there is not even a contract between Defendants and Plaintiffs.

93.  It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiffs.

## COUNT VII

## INVASION OF PRIVACY BY DEFENDANTS

94.  All paragraphs of this Complaint are incorporated as if fully set forth herein.

95.  Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

96.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

13

15 U.S.C. § 1692(a) (emphasis added).

97.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

98.    Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

99.    Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt including threatening to take Plaintiffs' property, taking Plaintiffs' money and all other wrongful acts which will

come to light in discovery, thereby invading and intruding upon Plaintiffs' right to privacy.

100.   This includes any false credit reporting by Defendants on Plaintiffs' credit reports (which was made with malice, wantonness, and/or recklessness), the threats to foreclose, the illegal debt collection, and all other wrongful acts of Defendants as outlined in this Complaint and as will be proven at trial.

101.   The plan and scheme carried out by Defendants exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

102.   Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

103.   The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

104.   Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

105.   All invasions of privacy acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or

recklessness and as such Defendants are subject to punitive damages as well as nominal and compensatory damages.

## **RELIEF REQUESTED**

**WHEREFORE,** Plaintiffs having set forth the claims for relief against each Defendant, respectfully prays of the Court as follows:

a.   That Plaintiffs have and recover against each Defendant a sum to be determined by a jury in the form of actual/compensatory damages; nominal damages; punitive damages; and statutory damages;

b.   That each Defendant be enjoined from further violations of the law against Plaintiffs;

c.   This Honorable Court rule that there is no right to foreclose by Defendants;

d.   That Plaintiffs have reasonable attorney's fees, costs, expenses; and

e.   That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

/s/John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**


**PLAINTIFFS DEMAND A TRIAL BY JURY IN THIS CAUSE.**

/s/John G. Watts
**Attorney for Plaintiffs**


**Please serve Defendant by certified mail at the following addresses:**

Nationstar Mortgage, LLC d/b/a Mr. Cooper
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

ELECTRONICALLY FILED
3/2/2018 12:35 PM
11-CV-2018-900061.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **WILLIAM HOLLINGSWORTH, an individual; DARLENE HOLLINGSWORTH, an individual,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.:** |
| **v.** | ) ) ) | |
| **NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER, a Corporation; and Fictitious Defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiffs.** | ) ) ) ) ) ) ) ) | **JURY DEMAND** |
| **Defendants.** | ) ) | |

---

### PLAINTIFFS' FIRST SET OF DISCOVERY TO ALL DEFENDANTS

---

**PLEASE TAKE NOTICE** that pursuant to the Alabama Rules of Civil Procedure, Plaintiffs propound the following discovery interrogatories and requests to each and every Defendant:

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## INSTRUCTIONS

If any objection is made to any of the following interrogatories or discovery requests, you shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, you shall state the legal basis for the privilege you are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and you are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the counsel for Defendants.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of you, which you have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office

memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.      The date of the document;

3

b.      The type of document;

c.      The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.      The name of the employer or principal whom the signers, addressers and preparers were representing;

e.      The present location of the document;

f.      The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.      A summary of the contents of the document; and

h.      If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiffs request that the documents be made available for this inspection at the offices of counsel for Plaintiffs at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in your possession, or subject to their custody and control, regardless of location.   If there are no such documents, please so state.   If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

4

Each interrogatory propounded herein should be answered from your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, you shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

All request are limited in time (unless otherwise specified) to three (3) years prior to the date of the suit to the present.

5

## <u>INTERROGATORIES</u>

1.   For each individual person, officer, employee, agent, or other entity answering or providing any information used you to answer any Interrogatory, state the following:

   a.   First, last, and middle legal name;

   b.   All DBA, fake, or alias name(s) used by this person;

   c.   Job title or capacity;

   d.   Business address and telephone number;

   e.   Home address and telephone number; and

   f.   Age.

2.   Identify each document referred to or consulted by you in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.   Identify all persons known to you to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

   a.   First, last, and middle legal name;

   b.   All DBAs, fake, or alias name(s) used by this person;

   c.   Job title or capacity;

   d.   Business address and telephone number;

   e.   Home address and telephone number;

f.     Age; and

g.     State the general substance of each person's knowledge.

4.     Identify and describe with particularity all training that you provide or receive, in the area of foreclosure activities, loss mitigation, loan modifications, and postponement of foreclosures, including but not limited to:

a.     The training content, timing, and duration;

b.     All documents and audio or visual materials used in such training; and

c.     Each person involved in providing such training.

5.     Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that your employees or agents are given, read, review, or otherwise use, regarding foreclosures, loss mitigation, loan modifications, and postponement of foreclosures.

6.     Please state in detail and provide all witnesses that support your answer as to every basis that you had to conduct the foreclosure, which is scheduled to occur on or about February 6, 2018.

7.     Identify all notices sent pursuant to the Note or Mortgage.

8.     Identify as of February 6, 2018, the total current balance due, the past-due principal, past due interest, other charges due, and the amounts past due – including how you calculated each figure.

9.    Identify and produce all advertisements or other foreclosure notices that relate to the foreclosed property.

10.   Identify and describe any and all documents that describe, record, or establish your methods and techniques used to foreclosure for the previous three years and up through the present.

11.   Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that you use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and your policies and procedures for operating such a system of records.

12.   Identify whether you electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

13.   Identify whether you recorded any telephone call with Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

14.   In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the threatened foreclosure was to take place, beginning with the first alleged default of Plaintiffs.

15.   Identify and describe each communication, or attempted communication, between you with Plaintiffs, or any other person, which is in any way related to the foreclosure, by stating the following:

    a.   The name of the individual initiating communication;

    b.   The name of the person and/or description of the person to whom the communication was directed;

    c.   The date and time of the communication;

    d.   The method of the communication (e.g. letter, phone call, in-person);

    e.   A detailed description of the substance of the communication, (do not simply refer to notes);

    f.   Identification of all witnesses to or participants in the communication; and,

    g.   Any actions taken by you as a result of the communication.

16.   Identify the full legal name, address, telephone number, position, and title of all former employees of yours who in any manner were involved with the account of Plaintiffs.

17.   Identify all lawsuits brought against you at any time arising out of foreclosing or attempted foreclosing activities, and for any reason, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

18.     Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against you or your employees at any time arising out its foreclosing or attempted foreclosing activities, and for any reason, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

19.     Please identify all properties you have foreclosed on in Alabama, stating the following:

a.      Number of foreclosures;

b.      Name of the borrower on the Note and the property location;

c.      All notices (including notices of default) sent to each person; and

d.      A copy of each notice of default and mortgage.

20.     Identify what happened to the Note and Mortgage from the time they were executed up until the current day.   Include all assignments, transfers, endorsements, allonges, etc.

21.     If this loan was placed into a Trust, identify exactly how and when this note and/or mortgage was placed into the Trust and attach all documents relating to the Trust including the Pooling and Servicing Agreement (PSA).

22.     Was this loan transferred into the Trust in accordance with the PSA?  Explain your answer.

23.     Identify all charges, fees or expenses that were imposed on Plaintiffs and the authority for each such charge, fee or expense.

24.     In what order were payments to be applied – i.e. principal, interest, late fees, etc.

25.     For every payment received, describe how you applied every dollar and when you applied it.

26.     Identify every late fee, expense or charge during the life of the loan and the basis for each.

27.     Explain why you threatened to foreclose on Plaintiffs.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

**Pursuant to the Alabama Rules of Civil Procedure, Plaintiffs request that Defendants produce the documents described herein and permit Plaintiffs' attorneys to inspect and copy such documents, as they may desire:**

1.     Please produce a copy of each and every document involving communication(s) or contact(s) between you and the following persons,

which in any way references Plaintiffs, or any allegation or defense asserted in this action:

a) Any credit bureaus;
b) The Plaintiffs;
c) Nationstar d/b/a Mr. Cooper;
d) Deutsche Bank;
e) Any state or federal governmental entity;
f) Any consumer-reporting agency;
g) Any other defendant in this case.

2. Please produce copies of any statements you have taken or received from any person in any way connected with the allegations contained in this lawsuit.

3. Please produce all documents related in any way to Plaintiffs.

## **PLAINTIFFS' REQUEST FOR ADMISSIONS**

**Pursuant to the Alabama Rules of Civil Procedure the Plaintiffs demand that the following be admitted or denied:**

1. You never owned the note at issue in this case.

2. The loan was in default when you started servicing the note.

3. All letters your attorneys wrote to Plaintiffs were within the line and scope of their representation of you.

4. You have not apologized to Plaintiffs for any of your conduct related to the upcoming foreclosure.

5.    You decided to treat Plaintiffs different than you treat every other consumer in Alabama because of a personal dislike for Plaintiffs.

6.    The mortgage that you seek to foreclose on gives Plaintiffs the right to have their defenses heard in court.

7.    You agree you are bound by the mortgage, including paragraph 22.

8.    Your threatened foreclosure is based upon paragraph 22 of the mortgage.

9.    You agree all of paragraph 22 of the mortgage is valid and binding on you.

10.    You admit that you do not want Plaintiffs to exercise their rights under paragraph 22 of the mortgage to have their defenses heard in court.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**


**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

13

ELECTRONICALLY FILED
3/2/2018 12:35 PM
11-CV-2018-900061.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | | |
|---|---|---|
| **WILLIAM HOLLINGSWORTH, an individual; DARLENE HOLLINGSWORTH, an individual,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.:** |
| **v.** | ) ) ) | |
| **NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER, a Corporation; and Fictitious Defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiffs.** | ) ) ) ) ) ) ) ) | **JURY DEMAND** |
| **Defendants.** | ) ) | |

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER BY VIDEO OR OTHER LAWFUL MEANS

Take notice, that the Plaintiffs will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**   **Corporate Representative of Nationstar Mortgage, LLC d/b/a Mr. Cooper**

**DATE:**   **March 28, 2018**

**TIME:**          **9:00 a.m.**

**PLACE:**          **Watts & Herring, LLC**
                   **The Kress Building**
                   **301 19th Street North**
                   **Birmingham, AL 35203**

      **Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters for the time period of three (3) years prior to the filing of the Complaint through the date of the deposition:**

1.   Allegations of the Complaint.

2.   Your Answer to the Complaint.

3.   The Note and Mortgage of Plaintiffs.

4.   All assignments, endorsements, allonges, or other transfers of the Note or Mortgage of Plaintiffs.

5.   All discovery responses to Plaintiffs' written discovery.

6.   Any loss mitigation efforts/discussions with Plaintiffs.

7.   All training, supervision, and policies related to foreclosure and loan modification.

8.   Training, supervision, and policies regarding all loss mitigation and postponing or cancelling a foreclosure sale.

9.   The actions of all sub or master mortgage servicers related to the Plaintiffs.

10.  Your communications with and work for or with the owner or servicers of the mortgage loan.

11.     All letters from Plaintiffs and your responses to the letters.

## **DUCES TECUM**

**PLEASE    TAKE    FURTHER    NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.     All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447;  fax (888) 522-7167
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**



AlaFile E-Notice

11-CV-2018-900061.00

To:  JOHN GRIFFIN WATTS
      john@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

WILLIAM HOLLINGSWORTH ET AL V. NATIONSTAR MORTGAGE, LLC D/B/A MR. COOP
11-CV-2018-900061.00

The following complaint was FILED on 2/2/2018 12:34:58 PM

Notice Date:      2/2/2018 12:34:58 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2018-900061.00

To:  NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER
     C/O CORPORATION SERVICE C
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

WILLIAM HOLLINGSWORTH ET AL V. NATIONSTAR MORTGAGE, LLC D/B/A MR. COOP
11-CV-2018-900061.00

The following complaint was FILED on 2/2/2018 12:34:58 PM

Notice Date:     2/2/2018 12:34:58 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>11-CV-2018-900061.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**
**WILLIAM HOLLINGSWORTH ET AL V. NATIONSTAR MORTGAGE, LLC D/B/A MR. COOP**

**NOTICE TO:** NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER, C/O CORPORATION SERVICE C 641 SOUTH LAWRENCE STREET,
MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of WILLIAM HOLLINGSWORTH
pursuant to the Alabama Rules of the Civil Procedure.                    *[Name(s)]*

2/2/2018 12:34:58 PM          /s/ KIM MCCARSON          By: _____
*(Date)*          *(Signature of Clerk)*          *(Name)*

☑ Certified Mail is hereby requested.          /s/ JOHN GRIFFIN WATTS
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*
Alabama on _____
*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CV 2018 906061

NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER
C/O CORPORATION SERVICE C DO 1
841 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

9590 9402 2960 7094 2453 67

2. Article Number (Transfer from service label)

7017 1070 0000 0416 1474

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
_____     2-7-18

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

United States
Postal Service

USPS TRACKING#

9590 9402 2950 7094 2453 67

• Sender: Please print your name, address, and ZIP+4® in this box•

Kim McCarson
Circuit Clerk of Calhoun County
300 Calhoun County Courthouse
25 West 11th Street
Anniston, AL 36201

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

11-CV-2018-900061.00

Judge: BUD TURNER

To: WATTS JOHN GRIFFIN
john@wattsherring.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

WILLIAM HOLLINGSWORTH ET AL V. NATIONSTAR MORTGAGE, LLC D/B/A MR. COOP
11-CV-2018-900061.00

The following matter was served on 2/7/2018

**D001 NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER**
**Corresponding To**
CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2018-900061.00

Judge: BUD TURNER

To: HERRING MYLES STANLEY JR.
stan@wattsherring.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

WILLIAM HOLLINGSWORTH ET AL V. NATIONSTAR MORTGAGE, LLC D/B/A MR. COOP
11-CV-2018-900061.00

The following matter was served on 2/7/2018

**D001 NATIONSTAR MORTGAGE, LLC D/B/A MR. COOPER**
**Corresponding To**
CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov